Wash, J.,
delivered the opinion of the Court.
The defendant in error brought an action of covenant in the Court below, against the plaintiffs in error, on their writing obligatory, executed to one Peter R. Garrett, for the payment of the sum of two hundred and thirty dollars, in loan office certificates, for value received of said Garrett, who assigned the bond to the defendant, &c. The breach assigned, is the non-payment of the two hundred and thirty dollars, in loan office certificates. The defendants plead payment, on which issue was joined, which was submitted to the Court, and by the Court decided in favor of the plaintiff; and thereupon, judgment was rendered in damages, for the sum of two hundred and forty-four dollars and ninety-nine cents. The defendants tendered a bill of ex-* *498 ceptions, and sued out their writ of error to the last November term of this Court j when, upon errors assigned, the judgment of the Circuit.Court was reversed, and the cause remanded, with directions to allow the parties to amend pleadings, &e., and ascertain the value of the loan office certificates, which should be the measure of damages to be assessed, on the breach of covenant complained of. On the second trial, it appeared, by special plea of the defendants, that the said defendants borrowed the amount of loan office certificates in the bond mentioned, under the belief that they had been legally emitted, under and by virtue of "An Act for the establishment of loan offices,” approved the 27th of June, 1821; and that the same were of value: whereas the same were issued in violation of the Constitution of the United States, and were, intrinsically, of no value; to which plea, the plaintiff demurred; which demurrer was overruled by the Circuit Court, and judgment given for the defendants : to reverse which, the plaintiff prosecutes his writ of error in this Court. The assignment of errors is general. The only point relied on by the defendants is, that the certificates, in the bond mentioned, are bills of credit, within the meaning of tire Constitution; were issued in violation thereof; were of no value, intrinsically, and could not constitute a legal consideration or subject matter of any contract. This question has been very fully considered, in several important causes, which have come before this Court, and was expressly decided at St. Louis, in the case of Loper v. Waddle’s administrators, against the position for which the defendants contend. We feel no disposition to unsettle that decision.
The judgment of the Circuit Court is, therefore, erroneous, and must be reversed, with costs, and the cause remanded, to he further proceeded in, conformably to the opinion heretofore given in this cause.